NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALDINI, AG,<br><br>                   Plaintiff-Appellant,<br><br>  v.<br><br>SILVACO, INC.; et al.,<br><br>                Defendants-Appellees. | No.   23-15630<br><br>D.C. No. 4:21-cv-06423-JST<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted November 22, 2024
San Jose, California

Before: BERZON and FRIEDLAND, Circuit Judges, and KENNELLY,** District
Judge.

     Plaintiff-Appellant Aldini, AG, appeals the dismissal of its Complaint,

which brought ten causes of action under state, federal, French, and international

law against Defendants-Appellees for conspiring to fraudulently deprive Aldini of

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **      The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

an opportunity to acquire Dolphin Integration's assets and to destroy the value of Dolphin's stock. The district court dismissed all of Aldini's claims against Defendants, giving different reasons for dismissal across the claims and parties, including, as relevant here, lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. The district court also denied jurisdictional discovery.

Aldini now appeals some of those rulings. On the jurisdictional issues, Aldini challenges the dismissal of its claims against the Republic of France, Ministère des Armées, and Direction Générale de l'Armement ("Sovereign Defendants") for lack of subject matter jurisdiction. Aldini also challenges the dismissal of its claims against almost all other Defendants for lack of personal jurisdiction, as well as the district court's denial of jurisdictional discovery. On the merits, Aldini challenges the dismissal of its claim for intentional interference with prospective economic advantage ("IIPEA") under California law.

We review de novo the district court's dismissal for lack of subject matter jurisdiction, *Phaneuf v. Republic of Indonesia*, 106 F.3d 302, 304-05 (9th Cir. 1997); for lack of personal jurisdiction, *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1038 (9th Cir. 2022); and for failure to state a claim, *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We review for

abuse of discretion the district court's denial of jurisdictional discovery. *Burri Law PA v. Skurla*, 35 F.4th 1207, 1218 (9th Cir. 2022). We affirm.

1. Under the Foreign Sovereign Immunities Act ("FSIA"), there is no subject matter jurisdiction over Aldini's claims against the Sovereign Defendants. Aldini argues that the Sovereign Defendants' conduct fell within the FSIA's commercial-activity exception, which allows jurisdiction in federal court in any case "in which the action is based . . . upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). But the commercial-activity exception does not apply here because the Sovereign Defendants' alleged conduct was governmental in nature. Aldini alleged, for example, that the Sovereign Defendants influenced the state-appointed bankruptcy trustee and otherwise abused government power "as part of the Republic of France." Those are exercises of sovereign, not private, power.

Nor can any other Defendant's private actions be imputed to the Sovereign Defendants for the purpose of establishing jurisdiction here. *See Sachs v. Republic of Austria*, 737 F.3d 584, 591 (9th Cir. 2013) (en banc) (holding that the "commercial-activity exception encompasses situations in which a foreign state carries on commerce through the acts of an independent agent" under the common law of agency), *rev'd on other grounds sub nom. OBB Personenverkehr v. Sachs*,

577 U.S. 27 (2015). Aldini made only conclusory allegations that the "Sovereign Defendants provided the other Defendants actual authority" by exercising "significant and repeated control over the Defendants MBDA and Soitec's day-to-day operations in connection with the acquisition of Dolphin Integration's assets and IP." Such conclusory allegations are not enough to establish jurisdiction under the FSIA's commercial-activity exception. We therefore affirm the district court's dismissal of all claims against the Sovereign Defendants.

2. Aldini failed to state a claim for IIPEA against all remaining Defendants. Plaintiffs claiming IIPEA under California law must allege that defendants interfered with an existing economic relationship that contained a reasonable (*i.e.*, not too attenuated or speculative) probability of future economic benefit. *Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal. 5th 505, 512, 515 (2017). Here, Aldini failed to allege a reasonable probability of future economic benefit. Aldini alleged that it probably would have been the highest bidder at a public auction for Dolphin's assets, had an auction occurred, and that it would have likely profited from acquiring Dolphin's assets. At most, those allegations suggest that Aldini might have potentially benefitted from economic relationships that did not yet exist and might never have existed, even if an auction occurred. Because California caselaw forecloses such attenuated and speculative claims, *see id.*, we affirm the district court's dismissal of the IIPEA claims against all Defendants.

3. As to the remaining management tort claims[1] brought against Defendants Depeyrot, Dupont, MBDA France SAS, Van den Bossche, Soitec S.A., and Beriot, the district court lacked personal jurisdiction over those claims. "Where . . . a plaintiff relies on specific jurisdiction, he must establish that jurisdiction is proper for each claim asserted against a defendant." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1035 n.13 (9th Cir. 2023) (quotation marks omitted). Defendants thus cannot be subject to personal jurisdiction for the management tort claims unless the claims at issue "arise out of or relate to" Defendants' forum contacts. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504 (9th Cir. 2023).

The management tort claims, which are premised on alleged conduct that occurred exclusively in France, do not "arise out of or relate to" any of Defendants' California contacts (*i.e.*, Defendant Soitec's alleged communications and joint venture with Defendant Silvaco, Inc.).[2] The management torts do not

---

[1] The only claim that the district court did not dismiss for failure to state a claim on the merits was Aldini's tenth cause of action for management torts under French law. The district court dismissed those management tort claims (as well as other claims, as an alternative basis for dismissal) as barred under the doctrine of issue preclusion. Because we hold that the district court lacked personal jurisdiction over the management tort claims, we decline to address the extent to which those or any other claims in this case are barred by issue preclusion.

[2] We assume without deciding that Aldini is correct that activities by one conspirator within a jurisdiction can be imputed to co-conspirators. Even making that assumption, the management torts do not arise out of or relate to conduct in California.

5

"arise out of" Soitec's California contacts because Aldini did not allege that Soitec's relationship with Silvaco caused the mismanagement of Dolphin in France. *See id.* at 504-05. And the management torts do not "relate to" the California contacts because the injuries attributable to the alleged mismanagement in France were not the kind of injures that would "tend to be caused" by the sort of relationship Soitec allegedly had with Silvaco. *Id.* at 505. Specifically, tortious mismanagement of a company undergoing bankruptcy is not the kind of injury that typically flows from the international recruitment of a different company to help deceive a court into approving a fraudulent sale of the bankrupt company. Nor would the Defendants against whom the management torts were brought "have foreseen the risk" that Soitec's alleged relationship with Silvaco might have caused the particular injuries attributable to the management torts. *Id.* at 506. We therefore affirm the district court's dismissal of the French management torts against Defendants Depeyrot, Dupont, MBDA France SAS, Van den Bossche, Soitec S.A., and Beriot.

4. Finally, Aldini has not identified any type of evidence obtainable through discovery that could have cured any of the deficiencies identified above. We therefore affirm the district court's denial of jurisdictional discovery.

**AFFIRMED.**

6